IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
(East St. Louis Division)

| | |
|---|---|
| JAMES M. BISHOP,<br><br>    Plaintiff,<br><br>vs.<br><br>PRECOAT METALS CORP.,<br>an Indiana corporation, and<br>SEQUA CORPORATION,<br>a Delaware corporation,<br><br>    Defendants. | Case No.:<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

**Disability Discrimination and Retaliation
in Violation of the Americans With Disabilities Act of 1990,
42 U.S.C. § 12101 et seq., as amended by the
Americans With Disabilities Act Amendments Act of 2008 (ADAAA)**

COMES NOW Plaintiff, James M. Bishop, by counsel, and for his Complaint for Damages against Defendants, Precoat Metals Corp., an Indiana corporation, and Sequa Corporation, a Delaware corporation, states to the Court as follows:

1. That Plaintiff, James M. Bishop, is, and was at all times pertinent to this cause of action herein, a citizen of the United States of America and a resident of Jefferson County, Missouri.

2. That Defendant, Precoat Metals Corp., is, and was at all times pertinent to this cause of action herein, an Indiana corporation, licensed and in good standing to do business in the State of Illinois, and has offices and facilities, and is engaged in the metals industry, at its plant located in Madison County, Illinois at #25 Northgate Industrial Drive, Granite City, Illinois 62040.

3. That Defendant, Sequa Corporation, is, and was at all times pertinent to this cause of action herein, a Delaware corporation, licensed and in good standing to do business in the State of Missouri, and has offices and facilities, and is engaged in the metals industry, in the City of St. Louis, Missouri, in the Blanke Building on Papin Street.

4. That Defendant, Precoat Metals Corp., an Indiana corporation, is, and was at all times pertinent to this cause of action herein, a Division of Sequa Corporation, a Delaware corporation, both doing business at the plant located in Madison County, Illinois at #25 Northgate Industrial Drive, Granite City, Illinois 62040.

5. That jurisdiction over this Complaint is based on the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., as amended by the Americans with Disabilities Act Amendments Act of 2008 (ADAAA).

6. That the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

7. That Defendant, Precoat Metals Corporation, an Indiana corporation, is an employer within the meaning of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., as amended by the Americans with Disabilities Act Amendments Act of 2008 (ADAAA), in that Defendant is, and was at all times pertinent to this cause of action herein, a corporation that has employed fifteen (15) or more employees for each working day during each of twenty (20) or more calendar weeks in the current and preceding calendar year.

8. That Defendant, Sequa Corporation, a Delaware corporation, is an employer within the meaning of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., as amended by the Americans with Disabilities Act Amendments Act of 2008 (ADAAA), in that Defendant is, and was at all times pertinent to this cause of action herein, a corporation that has employed fifteen

(15) or more employees for each working day during each of twenty (20) or more calendar weeks in the current and preceding calendar year.

9. That Plaintiff was employed with Defendants for over thirty-three (33) years, from February 13, 1984 until he was terminated on July 11, 2017, after being suspended for an incident occurring on June 21, 2017.

10. That Plaintiff's title at the time of his termination was Operations Support/General Laborer.

11. That throughout the time in which Plaintiff was employed with Defendants, Plaintiff performed his job satisfactorily.

12. That Plaintiff had a significant work-related injury to his right hand on August 31, 1989, wherein a blade cut off several of his fingers, which were thereafter reattached, but as a result he has severe and permanent limitations of his right hand, including lack of feeling and sensation and loss of grip.

13. That Plaintiff has a disability as a result of the severe and permanent limitations of his right hand.

14. That on September 28, 2016, after having been an Inspector, Plaintiff was put back on the floor to do Operations Support, which, because of repetitious movement from said work, caused strain and swelling of his right hand.

15. That after being in this situation for several months, Plaintiff told his Union Chief Stewart, Guy Briley, that he needed reasonable accommodations for his disability, in particular, Plaintiff requested that Guy Briley speak with Pat Copeland, the Plant/Production Manager, about moving Plaintiff to Shipping.

16. That in response, Guy Briley told Plaintiff that Pat Copeland had said that he would not accommodate Plaintiff by moving him to Shipping, even though Defendants had moved other, non-disabled employees to Shipping.

17. That on June 21, 2017, an incident occurred in the plant in that the production line "crashed" as metal was being "coated".

18. That as a result of the production line "crashing", which was a major problem, certain workers, including Plaintiff, were allowed in the bridle with "lock out/tag out" (LOTO) in place in order to untangle the crashed steel, at which time everyone else was not "locked out".

19. That Defendants claim that Plaintiff committed a safety violation by being in the bridle while the production line had "crashed", thereby resulting in his termination.

20. That Plaintiff did not commit any such safety violation.

21. That other employees who do not have any known disabilities did commit safety violations but have not been terminated as a result thereof. Examples include the following:

   A. Fred Haddox. He was an Entry Operator, on the Front End. On approximately March 14, 2018, he was in the line/tower and was cutting out bad steel strips, even though there had not yet been a "lock out/tag out" (LOTO). He was suspended for ten (10) days and was not terminated.

   B. Dennis Zimmerman. He is an Entry Operator. In April or May 2017, he was caught by Justin Butts, the employee responsible for Safety, on a forklift with no attached seatbelt. He was suspended for six (6) to eight (8) weeks and was not terminated.

  C. Mark Lester. He is a Coater Operator. In approximately 2015 and 2016, he was caught red-handed smoking in the facility. He was suspended for five (5) days and was not terminated.

  D. Fred Neal. He is an Inspector. In September 2016, he was caught smoking. He was suspended for between five (5) and ten (10) days and was not terminated.

22. That Plaintiff was discriminated against by being terminated from his employment on the basis of his disability and in retaliation for seeking reasonable accommodations for his disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., as amended by the Americans with Disabilities Act Amendments Act of 2008 (ADAAA).

23. That on February 23, 2018, Plaintiff filed a Charge of Discrimination with the St. Louis District Office of the Equal Employment Opportunity Commission, which was assigned EEOC Charge Number 440-2018-01900.

24. That the Equal Employment Opportunity Commission issued Plaintiff a Notice of Right to Sue Letter, dated March 14, 2018.

25. That as a proximate result of Defendants terminating Plaintiff from his employment, Plaintiff has and will continue to sustain damages, consisting of past, present and prospective losses in wages and benefits.

26. Further, that as a proximate result of Defendants terminating Plaintiff from his employment, Plaintiff has sustained emotional distress.

27. That the conduct of Defendants was done willfully, wantonly and maliciously.

WHEREFORE, Plaintiff, James M. Bishop, prays for judgment against Defendants, Precoat Metals corp., an Indiana corporation, and Sequa corporation, a Delaware corporation,

jointly and severally, for actual, compensatory and punitive damages in a fair and reasonable amount in excess of Seventy-Five Thousand Dollars ($75,000.00); appropriate equitable relief; reasonable attorney's fees; for his Court costs and expenses incurred herein; and for whatever and further relief the Court deems just and proper.

        Respectfully submitted,

By: *David M. Heimos* (signature)
David M. Heimos, #6182752
Attorney for Plaintiff
230 S. Bemiston, Suite 1200
Clayton, Missouri 63105
(314) 862-3333 Ext. 17
(314) 862-0605 Facsimile
davidmheimos@heimoslaw.com