IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
(East St. Louis Division)

| | |
|---|---|
| JAMES M. BISHOP, | ) |
| Plaintiff, | ) |
| vs. | ) Case No.: 3:18-cv-01163-NJR-DGW |
| SEQUA CORPORATION,<br>a Delaware corporation,<br>Precoat Metals Division, | ) |
| | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) |

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES**

Disability Discrimination and Retaliation
in Violation of the Americans With Disabilities Act of 1990,
42 U.S.C. § 12101 et seq., as amended by the
Americans With Disabilities Act Amendments Act of 2008 (ADAAA)

COMES NOW Plaintiff, James M. Bishop, by counsel, and for his Second Amended Complaint for Damages against Defendant, Sequa Corporation, a Delaware corporation, Precoat Metals Division, states to the Court as follows:

1. That Plaintiff, James M. Bishop, is, and was at all times pertinent to this cause of action herein, a citizen of the United States of America and a resident of Jefferson County, Missouri.

2. That Defendant, Sequa Corporation, Precoat Metals Division, is, and was at all times pertinent to this cause of action herein, a Delaware corporation, licensed and in good standing to do business in the State of Illinois, and has offices and facilities, and is engaged in the metals industry, at its Precoat Metals Division plant located in Madison County, Illinois at #25 Northgate Industrial Drive, Granite City, Illinois 62040.

1

3. That jurisdiction over this Second Amended Complaint is based on the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., as amended by the Americans with Disabilities Act Amendments Act of 2008 (ADAAA).

4. That the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

5. That Defendant, Sequa Corporation, a Delaware corporation, Precoat Metals Division, is an employer within the meaning of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., as amended by the Americans with Disabilities Act Amendments Act of 2008 (ADAAA), in that Defendant is, and was at all times pertinent to this cause of action herein, a corporation that has employed fifteen (15) or more employees for each working day during each of twenty (20) or more calendar weeks in the current and preceding calendar year.

6. That Plaintiff was employed with Defendant, Sequa Corporation, Precoat Metals Division, for over thirty-three (33) years, from February 13, 1984 until he was terminated on July 11, 2017, after being suspended for an incident occurring on June 21, 2017.

7. That Plaintiff's title at the time of his termination was Operations Support/General Laborer.

8. That throughout the time in which Plaintiff was employed with Defendant, Sequa Corporation, Precoat Metals Division, Plaintiff performed his job satisfactorily.

9. That Plaintiff had a significant work-related injury to his right hand on August 31, 1989, wherein a blade cut off several of his fingers, which were thereafter reattached, but as a result he has severe and permanent limitations of his right hand, including lack of feeling and sensation and loss of grip.

10. That Plaintiff has a disability as a result of the severe and permanent limitations of his right hand.

11. That on September 28, 2016, after having been an Inspector, Plaintiff was put back on the floor to do Operations Support, which, because of repetitious movement from said work, caused strain and swelling of his right hand.

12. That after being in this situation for several months, Plaintiff told his Union Chief Stewart, Guy Briley, initially on March 7, 2017, and then repeatedly but on discreet dates over the ensuing weeks and months thereafter, up to and including the week of May 10, 2017, that he needed reasonable accommodations for his disability, in particular, Plaintiff requested that Guy Briley speak with Pat Copeland, the Plant/Production Manager, about moving Plaintiff to Shipping.

13. That in response, Guy Briley told Plaintiff, initially on March 7, 2017 and on March 8, 2017, and then repeatedly but on discreet dates over the ensuing weeks and months thereafter, up to and including the week of May 10, 2017, that Pat Copeland had said that he would not accommodate Plaintiff by moving him from the floor to Shipping, even though Defendant had moved other, non-disabled employees from the floor to Shipping, such as, and by way of example, Jeremy Johns on February 13, 2017 and February 20, 2017, Tyrone Jones on February 20, 2017, Huey (last name unknown) on December 21, 2016, May 18, 2017 and May 19, 2017, Leonard Poe on February 27, 2017, March 15, 2017, March 29, 2017, April 12, 2017, April 17, 2017 and May 10, 2017, and Andrew Durie on May 10, 2017.

14. That Plaintiff also sent a letter, dated June 6, 2017, to Kurt Russell, Defendant's President, and to Jerry Dombeck, Defendant's Chief Executive Officer, stating that "I have a disability from 1989 at Precoat" and that "I want to be put back in Shipping."

15. That on June 21, 2017, an incident occurred in the plant in that the production line "crashed" as metal was being "coated".

16. That as a result of the production line "crashing", which is a major problem, certain workers, including Plaintiff, were instructed to be in the bridle with "lock out/tag out" (LOTO) in place in order to untangle the crashed steel, at which time everyone else not so instructed by the foreman was not "locked out".

17. That Defendant claims that Plaintiff committed a safety violation by being in the bridle while the production line was "crashed", thereby resulting in his termination on July 11, 2017.

18. That Plaintiff did not commit any such safety violation because he was not in the bridle while the production line was "crashed" but instead, when everyone was told to "unlock", he "unlocked" and moved to the ramp, and he remained on the ramp the entire time the production line remained "crashed", and he did not cross the safety rail/safety guard.

19. That other employees who do not have any known disabilities did commit safety violations but have not been terminated as a result thereof. Examples include the following:

    A. Fred Haddox. Per an employee named Jim Lopez, Fred Haddox was an Entry Operator, on the Front End. On approximately March 14, 2018, he was in the line/tower and was cutting out bad steel strips, even though there had not yet been a "lock out/tag out" (LOTO). He was suspended for approximately ten (10) days but was not terminated.

    B. Dennis Zimmerman. He is an Entry Operator. In April or May 2017, he was caught by Justin Butts, the employee responsible for Safety, on a

4

     forklift with no attached seatbelt. He was suspended for six (6) to eight (8) weeks but was not terminated.

   C. Mark Lester. He is a Coater Operator. In approximately 2015 and 2016, he was caught red-handed smoking in the facility. He was suspended for five (5) days but was not terminated.

   D. Fred Neal. He is an Inspector. In September 2016, he was caught smoking. He was suspended for between five (5) and ten (10) days but was not terminated.

  20. That Plaintiff was harassed and otherwise discriminated against, including being given unwarranted discipline, suspended and then by being terminated from his employment, on the basis of his disability and in retaliation for seeking reasonable accommodations for his disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., as amended by the Americans with Disabilities Act Amendments Act of 2008 (ADAAA).

  21. That on February 23, 2018, Plaintiff filed a Charge of Discrimination with the St. Louis District Office of the Equal Employment Opportunity Commission, which was assigned EEOC Charge Number 440-2018-01900.

  22. That the Equal Employment Opportunity Commission issued Plaintiff a Notice of Right to Sue Letter, dated March 14, 2018.

  23. That as a proximate result of Defendant terminating Plaintiff from his employment, Plaintiff has and will continue to sustain damages, consisting of past, present and prospective losses in wages and benefits.

24. Further, that as a proximate result of Defendant harassing and otherwise discriminating against Plaintiff, including giving him unwarranted discipline, suspending him and then by terminating him from his employment, Plaintiff has sustained emotional distress.

25. That the conduct of Defendant was done willfully, wantonly and maliciously.

WHEREFORE, Plaintiff, James M. Bishop, prays for judgment against Defendant, Sequa Corporation, a Delaware corporation, Precoat Metals Division, for actual, compensatory and punitive damages in a fair and reasonable amount in excess of Seventy-Five Thousand Dollars ($75,000.00); appropriate equitable relief; reasonable attorney's fees; for his Court costs and expenses incurred herein; and for whatever and further relief the Court deems just and proper.

Respectfully submitted,

By: *David M. Heimos*
David M. Heimos, #6182752
Attorney for Plaintiff
230 S. Bemiston, Suite 1200
Clayton, Missouri 63105
(314) 862-3333 Ext. 17
(314) 862-0605 Facsimile
davidmheimos@heimoslaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys of record, this 8th day of November, 2018:

Kevin T. McLaughlin
Lauren B. Harris
Greensfelder, Hemker & Gale, P.C.
10 S. Broadway, Suite 2000
St. Louis, Missouri 63102
Telephone: (314) 241-9090
Facsimile: (314) 240-3643
ktm@greensfelder.com
lharris@greensfelder.com

_David L. Hermis_